KEKER & VAN NEST LLP
ELLIOT R. PETERS - #158708
DANIEL PURCELL - #191424
DANIEL K. NAZER - #257380
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
epeters@kvn.com
dpurcell@kvn.com
dnazer@kvn.com

Attorneys for Plaintiff
PALANTIR TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PALANTIR TECHNOLOGIES, INC.,<br>Plaintiff,<br>v.<br>PALANTIR.NET, INC.,<br>Defendant. | Case No. C 10-04283 CRB<br><br>**PLAINTIFF PALANTIR TECHNOLOGIES, INC.'S OPPOSITION TO MOTION FOR DEFAULT JUDGMENT AND REQUEST FOR SANCTIONS**<br><br>Date: January 7, 2011<br>Time: 10:00 a.m.<br>Courtroom: 8, 19th Floor<br>Judge: The Honorable Charles R. Breyer<br><br>Date Comp. Filed: September 23, 2010<br><br>Trial Date: None set |
| PALANTIR.NET, INC.,<br>Counterclaimant,<br>v.<br>PALANTIR TECHNOLOGIES, INC.,<br>Counter-Defendant. | |

Palantir.net, Inc.'s ("PNI") motion for default judgment is frivolous and merits sanctions. PNI asks this Court to take the extraordinary step of entering a default judgment against Palantir Technologies, Inc. ("Palantir") because Palantir moved to dismiss some of PNI's counterclaims without answering the rest. But PNI doesn't cite a single case holding that a party that moves to dismiss part of a complaint must answer the remainder or else face default. PNI also omits to mention, much less distinguish, the myriad cases holding the exact opposite: that moving to dismiss part of a complaint stays the moving party's obligation to file an answer until the motion to dismiss is decided. Most obviously, PNI ignores this Court's decision in *Batdorf v. Trans Union,* No. C00-0501 CRB, 2000 U.S. Dist. LEXIS 6796 at *11-*13 (N.D. Cal. May 8, 2000), which rejects the exact argument that forms the basis of PNI's motion.

In *Batdorf,* the plaintiff brought 16 claims for relief against four defendants. Three of the four defendants moved to dismiss the entire complaint; the fourth, Trans Union, moved to dismiss only 11 of the 14 claims against it. In response, the plaintiff moved for judgment against Trans Union, arguing, just as PNI does here, that Trans Union had conceded the merits of the three other claims against it by failing to answer. *See Batdorf*, 2000 U.S. Dist LEXIS 6796 at *3–*5. This Court could not have been clearer in finding that argument baseless:

> Trans Union was not required to file an answer to the causes of action it was not moving to dismiss while its motion to dismiss was pending. The filing of a motion to dismiss the other causes of action enlarged the time for Trans Union to respond to the entire complaint, including those causes of action it did not move to dismiss. To hold otherwise would be to create the possibility of duplicative pleading in the event the motion to dismiss is denied and the moving party is then required to answer the causes of action it had moved to dismiss.

*Id.* at *12-*13 (internal citations omitted) (citing *Finnegan v. Univ. of Rochester Med. Ctr.*, 180 F.R.D. 247, 249-50 (W.D.N.Y. 1998), *Oil Express Nat'l, Inc. v. D'Alessandro,* 173 F.R.D. 219, 221 (N.D. Ill. 1997), and Wright & Miller, *Federal Practice & Procedure* § 1346 (1999)). This rule is only common sense, and it was not new when this Court applied it in *Batdorf*. It has been established for decades and routinely followed by District Courts across the country. *See Ideal Instrs., Inc. v. Rivard Instrs., Inc.,* 434 F. Supp. 598, 637-40 (N.D. Iowa 2006) (collecting cases). In fact, District Courts in the Ninth Circuit follow the rule unanimously. *See Pestube Sys. v. HomeTeam Pest Def., LLC,* No. CIV-05-2832-PHX-MHM, 2006 U.S. Dist. LEXIS 34337

at *10-*21 (D. Ariz. May 24, 2006) (collecting decisions from District Courts throughout the Ninth Circuit, including this Court's ruling in *Batdorf*).

PNI's motion doesn't mention any of these rulings, or give any indication that dozens of courts have adjudicated this precise issue—and found PNI's position to be meritless—over the past four decades. Instead of showing that its argument has legal merit (which it can't), or explaining why defaulting Palantir makes any practical or equitable sense (which it doesn't), PNI makes a strange and half-hearted accusation of bad faith. According to PNI, Palantir must have filed only a partial motion to dismiss because it is trying to "obtain[ ] a strategic advantage" by eliciting "an early reading of this Court's view of the case before answering the remaining counts." Mot. for Default at 3, 4. Of course, that's the entire point of Federal Rule of Civil Procedure 12: to invite the District Court's "view of the case" at the outset, before a party wastes hundreds of thousands of dollars litigating baseless claims.

As Palantir clearly explained in its motion to dismiss, it is not trying to "obtain a strategic advantage" so much as it is seeking to enforce PNI's release of its trademark claims and challenges to Palantir's trademark rights. If Palantir hadn't filed its motion, it would have lost the primary benefit of the release—the freedom from being sued on released claims. As for the fact that Palantir moved on only some of PNI's claims, Palantir made clear in its motion that it was moving to dismiss only PNI's trademark-based claims and requests for injunctive relief because those were the claims that inarguably fell within the scope of PNI's release. In other words, Palantir filed a partial motion to dismiss because the merits of the issue dictated it, not because of tactical chicanery. PNI insists Palantir failed to answer "because of a perceived advantage," but never explains what that advantage could be, besides the dismissal of claims PNI wasn't entitled to bring in the first place.[1]

[1] Even if a partial motion to dismiss could justify a motion for default judgment (and it cannot), Palantir would be entitled to relief from any default. The Ninth Circuit has repeatedly explained that relief from default should be liberally granted. *See Community Dental Servs. v. Tani*, 282 F.3d 1164, 1169-70 (9th Cir. 2002) (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). Default "is an extreme measure and a case should, 'whenever possible, be decided on the merits.'" *Id.* (quoting *Falk*, 739 F.2d at 463). Here, Palantir has submitted to the jurisdiction of this Court—it was the one that filed this lawsuit in the first place—and there is no question that it intends to defend on the merits whichever of PNI's claims survive the motion to dismiss. PNI

PNI's subsequent conduct only confirms that its motion for default constitutes an abuse of process. PNI filed the motion early in the morning of Friday, December 3, 2010. Later that same day, Palantir's counsel wrote to lead counsel for PNI, asking PNI to withdraw the motion in light of the authority discussed above and stating that Palantir would seek sanctions if PNI forced it to file an opposition. Declaration of Daniel Purcell in Support of Opposition to Motion for Default Ex. A. The following Monday, December 6, 2010, PNI's counsel wrote back, refusing to withdraw the motion even though "I am familiar with the cases you cite." *Id.* Ex. B. In other words, PNI conceded filing the motion despite being well aware of *Batdorf* and the dozens of other cases rejecting its position. Then, when confronted with the fact that its motion was unsupportable, it decided to force Palantir to oppose it anyway.

In that same letter, PNI's counsel for the first time cited two cases that it contends justify its motion for default. Those cases, and PNI's unwillingness to rely on them in a document actually filed in court, only underscore the frivolousness of PNI's motion. *First*, *Gerlach v. Michigan Bell Tel. Co.*, 448 F. Supp. 1168, 1174 (D. Mich. 1978), is an out-of-Circuit District Court case that has been roundly criticized and never followed in the 32 years since it was decided. *See, e.g., Ideal Instrs.*, 434 F. Supp. 2d at 638 ("No other court has adopted the *Gerlach* court's reasoning or ruling"). *Second*, in *Okaya (USA), Inc. v. United States*, 27 Ct. Int'l Trade 1509, 1516-19 (2003), a judge with the Court of International Trade considered adopting the *Gerlach* approach but ultimately decided it didn't make sense. That was the right result, and the outcome reached by every court since *Gerlach* was decided.

For all those reasons, the Court should not only deny PNI's motion, but award Palantir its fees and costs in preparing this opposition. Under 28 U.S.C. section 1927, a court may order a party who "multiplies the proceedings in any case unreasonably and vexatiously" to bear the opposing party's fees and costs. 28 U.S.C. § 1927. The Ninth Circuit has made clear that knowingly or recklessly filing a frivolous motion is sanctionable conduct for purposes of section 1927. *See In re Keegan Mgmt. Co. Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996). Similarly,

---

does not even attempt to argue it has suffered or will suffer prejudice because Palantir has not yet answered PNI's contract claims, nor could it.

"recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose" is "tantamount to bad faith" sufficient to justify sanctions under a court's inherent power. *See B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1108 (9th Cir. 2002). PNI knew its motion for default was frivolous before filing it. That it filed the motion anyway, without citing to any supporting authority, then refused to withdraw that motion when given the chance, is sanctionable conduct under either standard.

Dated: December 17, 2010

KEKER & VAN NEST LLP

By: *<u>/s/ Daniel Purcell</u>*
DANIEL PURCELL
Attorneys for Plaintiff
PALANTIR TECHNOLOGIES, INC.