Thomas D. Rosenwein (pro hac vice)
Glickman, Flesch & Rosenwein
230 West Monroe Street, Suite 800
Chicago, IL 60606
Telephone: (312) 346-1080
Facsimile: (312) 346-3708
E-Mail: trosenwein@lawggf.com

Joseph L. Strabala, SBN 34832
Joe Strabala Law Office
One Embarcadero Center, Suite 1020
San Francisco, CA 94111-3698
Telephone: (415) 981-8083
Facsimile: (415) 495-3351
E-Mail: jslaw@pacbell.net

Elizabeth Shoemaker, SBN 245577
Teraoka & Partners LLP
One Embarcadero Center, Suite 1020
San Francisco, CA 94111-3698
Telephone: (415) 981-3100
Facsimile: (415) 981-0222
E-Mail: liz@teraokalaw.com

Attorneys for Defendant
Palantir.net, Inc.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

**PALANTIR TECHNOLOGIES, INC.,**

Plaintiff/Counterdefendant,

v.

**PALANTIR.NET, INC.,**

Defendant/Counterplaintiff.

**Case No. 3:10-cv-04283 CRB**

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT ON COUNTS I-III AND VI OF ITS COUNTERCLAIM**

Date: January 7, 2011
Time: 10:00 a.m.
Courtroom: 8, 19th Floor
Judge: The Honorable Charles R. Breyer

Date Comp. Filed: September 23, 2010

Trial Date: None set

Palantir.net, Inc. ("Palantir.net"), for its Reply in Support of Motion for Default Judgment on Counts I-III and VI of its Counterclaim, states as follows.

Palantir Technologies, Inc.'s ("PTI") response to Palantir.net's motion for default is premised on its belief that the current majority rule, which permits deferral of an answer to those counts not subject to a motion to dismiss under Rule 12(b)(6), is applicable regardless of the particular facts of any lawsuit. While PTI is content in its response to cite instances in which deferral of answers were permitted, and to disparage the minority rule, as set forth in <u>Gerlach v. Michigan Bell Telephone Corp.</u>, 448 F.Supp 1168 (D. MI, 1978), and in <u>Okaya (USA), Inc. v. U.S.</u>, 2003 WL 22284567 (CIT, 2003), PTI pointedly declines to address either the particular procedural posture of this case or the evasive nature of its Motion to Dismiss. However, when those factors are considered, it is apparent that this case calls for the application of the rule requiring replies to those causes of action not made subject of a motion to dismiss, and to enter a default when such answers are not timely made.

The pertinent facts are as follows:

PTI's Complaint alleges breach of a settlement agreement and related consent agreement by Palantir.net. That Complaint consists of two counts: breach of contract and breach of the covenant of good faith and fair dealing.

In response, Palantir.net filed its Answer, Affirmative Defenses and Counterclaim. Palantir.net responded in detail to all of the allegations made against it in the Complaint. By its Counterclaim, Palantir.net asserts six counterclaims: breach of contract (Count I); breach of the covenant of good faith and fair dealing (Count II); contract reformation (Count III); unfair competition under §43(a) of the Lanham Act (Count IV); violation of §32(1) of the Lanham Act (Count V); and common law unfair competition (Count VI). The Counterclaim consists of 69 numbered paragraphs. Count IV incorporates 55 of those paragraphs and supplements with four new paragraphs. Count V incorporates 60 of those paragraphs and supplements with four new paragraphs.

Thereafter, PTI did not reply to the Counterclaim. Instead, it filed a Motion to Dismiss pursuant to FRCP 12(b)(6). However, PTI's motion does not specify the counts of the

Counterclaims for which it seeks dismissal. According to PTI, it "seeks dismissal of *at least* PNI's [Palantir.net's] fourth and fifth claims for alleged violations of the Lanham Act and the requests for injunctive relief in paragraphs D(i)-(v), E, G, and H of PNI's prayer for relief." (Motion to Dismiss, at p. 1, emphasis supplied). In the body of its Motion to Dismiss, however, PTI only discusses the two Lanham Act counterclaims (*i.e.*, Counts IV and V).

Additionally, PTI explicitly states: "Palantir [PTI] is not moving to dismiss the contract-based claims," which presumably refers to Counts I–III of the Counterclaim. However, what claims PTI considers "contract-based" remains ambiguous as PTI does not identify such claims by count. (Motion to Dismiss, at p. 9) PTI also states that both parties "can sue for breach of contract," (Motion to Dismiss, at p. 5), which presumably refers to Counts I and perhaps Count II of the Counterclaim, but would exclude Count III (contract reformation). PTI concludes its motion by again imploring this Court to dismiss "*at least* PNI's fourth and fifth counterclaims under §§43(A) and 32(1) of the Lanham Act and the requests for injunctive relief in paragraphs D(i)-(v), E, G, and H of PNI's prayer for relief." (Emphasis supplied).

Completely unaddressed by PTI in its Motion to Dismiss, directly or inferentially, is Count VI of the Counterclaim, which alleges unfair competition under federal common law. PTI does not concede that such count is "contract-based" or a "breach of contract" claim, while also declining to state that it is subject to its Motion to Dismiss.

Thus, PTI has suggested to this Court that "at least" Counts IV and V should be dismissed, while leaving open the possibility of comment (or decision) by this Court on other counts not identified (*i.e.*, Counts I-III and VI).

As shown by PTI's Response to the Motion for Default, PTI can be quite direct when it chooses. There is certainly nothing vague or indeterminate about the rhetoric it employs or the result it seeks in its response. Yet, in its Motion to Dismiss, PTI is consciously and deliberately vague and indeterminate. Such vagueness, in the identification of the counts for which dismissal is sought and to those it concedes it must reply, can only be understood as a calculated decision by PTI to obtain an advantage in this litigation.

Accordingly, the question presented by Palantir.net's Motion for Default is whether under the facts of this case PTI is seeking to obtain a perceived advantage by crafting a motion to dismiss the Counterclaim that elides the identity of the counts to be dismissed. If the answer to that question is "yes," then the remedy for such conduct is to enter default as to those counts PTI has not moved to dismiss. TCI Group Lie Ins. Plan v. Knoebber, 244 F.3d 691, 699, fn 6 (9th Cir. 2001) ("it is fair to expect that individuals who have previously been involved in litigation or have consulted with a lawyer appreciate the consequences of failing to answer and do so only if they see some advantage to themselves."); Meadow v. Dominican Republic, 817 F.2d 517, 521 (9th Cir. 1987) (a party's conduct is culpable "if he has received actual or constructive notice of the filing of the action and failed to answer.")

We submit that "yes" is the correct answer to the issue posed by the Motion for Default. In effect, PTI is now using the "majority rule" as a subterfuge to obtain an advantage. The "majority rule" is surely not intended for such a purpose. Indeed, the justification for the "majority rule" has little relevance in this suit as there is no serious concern with duplicative pleading. Only four paragraphs of Counts IV and V need to be addressed if this Court denies the Motion to Dismiss. The other 61 paragraphs that constitute the allegations of Counts I–III and VI will not have to be replead or duplicated as all the prior allegations are incorporated by reference.

Accordingly, we submit that PTI's failure to answer cannot be deemed inadvertent. Having failed to timely plead to Counts I-III and VI of the Counterclaim, default judgment should be entered on those counts.

Dated: December 23, 2010

By: /s/ Thomas D. Rosenwein
One of the Attorneys for
Defendant Palantir.net, Inc.