KEKER & VAN NEST LLP
ELLIOT R. PETERS - #158708
DANIEL PURCELL - #191424
DANIEL K. NAZER - #257380
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff
PALANTIR TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PALANTIR TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>PALANTIR.NET, INC.,<br><br>Defendant. | Case No. CV 10 4283 CRB<br><br>**ANSWER TO COUNTERCLAIM**<br><br>Date Comp. Filed: Sept. 22, 2010<br><br>Trial Date: None set |
| PALANTIR.NET, INC.,<br><br>Counterclaimant,<br><br>v.<br><br>PALANTIR TECHNOLOGIES, INC.,<br><br>Counter-Defendant. | |

## ANSWER TO COUNTERCLAIM

Plaintiff Palantir Technologies, Inc. ("PTI") hereby answers Palantir.net, Inc.'s ("PNI") Counterclaims as follows:

## Procedural Background

1. PTI admits that it filed a declaratory judgment lawsuit, *Palantir Techs., Inc. v. Palantir.net, Inc.*, Case No. C 07-03863 CRB (N.D. Cal.) ("the Settled Case"), in the United States District Court for Northern District of California on July 27, 2007. PTI admits that, on October 2, 2007, this Court denied PNI's Motion to Dismiss or Stay the Settled Case. PTI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 and on that basis denies them.

2. PTI admits that, on January 15, 2008, this Court entered a preliminary injunction in the Settled Case. PTI admits that Paragraph 2 accurately quotes portions of the Court's January 15, 2008 order. PTI denies any remaining allegations in Paragraph 2.

3. PTI admits that, on February 11, 2008, PTI and PNI participated in a settlement conference with Magistrate Judge Chen. PTI further admits that, effective on February 11, 2008, the parties resolved the Settled Action through a settlement agreement ("Settlement Agreement"). PTI denies that the Settlement Agreement "followed the strictures of the injunction" to the extent PNI is alleging that the Settlement Agreement incorporated the terms of this Court's January 15, 2008 order. By its terms, the Settlement Agreement memorialized and constituted the entire agreement and understanding between the parties. PTI admits that Paragraph 3 accurately quotes paragraphs 4-7 of the Settlement Agreement. PTI denies any remaining allegations in Paragraph 3.

4. PTI admits that, under the terms of the Settlement Agreement, the obligations of paragraphs 4-7 of the Settlement Agreement are ongoing. PTI admits that the Settlement Agreement provides that it is to be interpreted and enforced under the laws of California. PTI admits that Exhibit A to PNI's Counterclaim is a copy of the Settlement Agreement.

5. Admitted.

6. PTI admits, on February 15, 2008, it filed a class 9 federal trademark application.

PTI admits that, on May 29, 2008, the U.S. Patent and Trademark Office issued a non-final office action with a preliminary objection to registration of PTI's PALANTIR mark. PTI admits PTI and PNI entered into a Consent to Use and Registration Agreement ("Consent Agreement"). PTI admits that Exhibit B to PNI's Counterclaim is an accurate copy of the Consent Agreement. PTI admits that Paragraph 6 of PNI's Counterclaim accurate quotes paragraph 3 of the Consent Agreement. PTI denies the remaining allegations in Paragraph 6.

7. Denied.

8. Denied.

**Events**

9. PTI admits that George DeMet and Tiffany Farriss occasionally contacted Stephen Cohen by email. PTI admits that Stephen Cohen was one of PTI's principals at the settlement conference with Magistrate Judge Chen. PTI denies any remaining allegations in paragraph 9.

10. Denied.

11. Denied.

12. PTI admits that, after execution of the settlement agreement, PNI contacted PTI about alleged violations of that agreement. PTI further admits that Exhibit C to PNI's Counterclaim is an accurate copy of August 2008 email correspondence between George DeMet, Stephen Cohen and others. PTI admits that, as of August 2008, it had not filed a use amendment in its pending trademark application. Paragraph 8 of the Settlement Agreement did not set a specific timeline for PTI to file such an amendment. On September 11, 2008, as required by Paragraph 8 of the Settlement Agreement, PTI amended its description of services to add the phrase "not including the design of customized database software for others." PTI denies any remaining allegations in paragraph 12.

13. PTI admits that Exhibit D to PNI's Counterclaim is an accurate copy of October 2008 email correspondence between George DeMet, Stephen Cohen and others, which email speaks for itself. PTI denies any remaining allegations in paragraph 13.

14. PTI admits that Exhibit E to PNI's Counterclaim is an accurate partial copy of

November 2008 email correspondence between George DeMet, Stephen Cohen and others (Exhibit E omits the address and date fields of the final message), which email speaks for itself.

15. PTI admits that Exhibit F to PNI's Counterclaim is an accurate copy of November 2008 email correspondence between George DeMet, Stephen Cohen and others, which email speaks for itself. PTI denies any remaining allegations in paragraph 15.

16. PTI admits that Exhibit G to PNI's Counterclaim is an accurate copy of December 2008 email correspondence between George DeMet, Stephen Cohen and others, which email speaks for itself. PTI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 and on that basis denies them.

17. PTI admits that Exhibit H to PNI's Counterclaim is an accurate copy of February 2009 email correspondence between George DeMet, Stephen Cohen and others, which email speaks for itself. PTI denies any remaining allegations in paragraph 17.

18. PTI admits that Exhibits I and J to PNI's Counterclaim are accurate copies of June 2009 email correspondence between George DeMet, Stephen Cohen and others, which email speaks for itself. PTI denies any remaining allegations in paragraph 18.

19. PTI admits that Exhibit K to PNI's Counterclaim is an accurate copy of June 2009 email correspondence between George DeMet, Stephen Cohen and others, which email speaks for itself. PTI denies any remaining allegations in paragraph 19.

20. PTI admits that Exhibit L to PNI's Counterclaim is an accurate copy of June 2009 email correspondence between George DeMet, Stephen Cohen and others, which email speaks for itself. PTI denies any remaining allegations in paragraph 20.

21. PTI admits that Exhibit M to PNI's Counterclaim is an accurate copy of October 2009 email correspondence between George DeMet, Stephen Cohen and others, which email speaks for itself. PTI denies any remaining allegations in paragraph 21.

22. PTI admits that Exhibits N and O to PNI's Counterclaim are accurate copies of October 2009 email correspondence between George DeMet, Stephen Cohen and others, which email speaks for itself. PTI denies any remaining allegations in paragraph 22.

23. PTI lacks sufficient information to admit or deny the allegation sentence one of

Paragraph 23, and on that basis denies those allegations. PTI denies the allegation in the second sentence of paragraph 23.

24. PTI admits that Tom Rosenwein telephoned Matt Long on October 23, 2009 and that Long informed Rosenwein that PTI was including disclaimers in its job postings. PTI admits that Exhibit P to PNI's Counterclaim is an accurate copy of an October 26, 2009 email from Rosenwein to Long, which email speaks for itself. PTI denies any remaining allegations in paragraph 24.

25. PTI admits that Exhibit Q to PNI's Counterclaim is an accurate copy of a January 14, 2010 email from Rosenwein to Long, which email speaks for itself. PTI denies any remaining allegations in paragraph 25.

26. PTI admits that Exhibit R to PNI's Counterclaim is an accurate copy of a January 26, 2010 email from Rosenwein to Long, which email speaks for itself. PTI denies any remaining allegations in paragraph 26.

27. PTI admits that Exhibit S to PNI's Counterclaim is an accurate copy of a January 26, 2010 email from Rosenwein to Long, which email speaks for itself. PTI denies any remaining allegations in paragraph 27.

28. PTI admits that Exhibit T to PNI's Counterclaim is an accurate copy of a February 2010 email correspondence between Rosenwein, Long and others, which email speaks for itself. PTI denies any remaining allegations in paragraph 28.

29. PTI admits that Exhibit U to PNI's Counterclaim is an accurate copy of a February 2010 email correspondence between Rosenwein, Long and others, which email speaks for itself. PTI denies any remaining allegations in paragraph 29.

30. PTI admits that Exhibit V to PNI's Counterclaim is an accurate copy of a February 2010 email correspondence between Rosenwein, Long and others, which email speaks for itself. PTI denies any remaining allegations in paragraph 30.

31. PTI admits that Exhibit W to PNI's Counterclaim is an accurate copy of a March 2010 email from Rosenwein to Long, which email speaks for itself. PTI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31

and on that basis denies them.

32. PTI admits that Exhibit X to PNI's Counterclaim is an accurate copy of an April 15, 2010 email from Rosenwein to Long, which email speaks for itself. PTI denies any remaining allegations in paragraph 32.

33. PTI admits that Exhibit Y to PNI's Counterclaim is an accurate copy of a May 11, 2010 email from Rosenwein to Long, which email speaks for itself. PTI denies any remaining allegations in paragraph 33.

34. PTI admits that Exhibit Z to PNI's Counterclaim is an accurate copy of May, 2010 email correspondence between Rosenwein, Long and others, which email speaks for itself. PTI denies any remaining allegations in paragraph 34.

35. PTI admits that Exhibit AA to PNI's Counterclaim is an accurate copy of a June 17, 2010 email from Rosenwein to Long, which email speaks for itself. PTI denies any remaining allegations in paragraph 35.

36. Admitted that on August 2, 2010, PNI filed a petition to cancel PTI's Class 9 PALANTIR registration. PTI denies any remaining allegations in paragraph 36.

37. PTI admits that Exhibit BB to PNI's Counterclaim is an accurate copy of a June 14, 2010 email from DeMet to Cohen and that paragraph 37 accurately quotes a portion of that email, which speaks for itself. PTI lacks sufficient information to admit or deny PNI's allegations about DeMet's motivation for sending the June 14, 2010 email and on that basis denies PNI's those allegations. PTI denies any remaining allegations in paragraph 37.

38. PTI admits that it did not respond directly to DeMet's email of June 14, 2010. PTI denies the second sentence of paragraph 38. PTI lacks sufficient information to admit or deny PNI's allegations in the third sentence of paragraph 38 regarding DeMet's state of mind on July 21, 2010.

39. PTI admits that Exhibit CC purports to be a August 25, 2010 from George DeMet to Mark Kern at mark.kern@ngc.com. PTI denies that Exhibit CC includes a September 14, 2010 job advertisement posted to LinkedIn. PTI admits that on September 14, 2010 it posted a job advertisement on LinkedIn.com, which advertisement included the language required by

Paragraphs 4 and 6 of the Settlement Agreement: "Disclaimer: Palantir Technologies is not affiliated with, endorsed or sponsored by Palantir.net, Inc. Palantir.net's website is located at www.palantir.net." Further, as required by Paragraph 6 of the Settlement Agreement, this disclaimer language was in the same size font as the rest of the advertisement and was not separated by more than one paragraph break from the rest of the advertisement. PTI lacks knowledge or information sufficient to admit or deny the allegations in subsection b of paragraph 39 and on that basis denies those allegations.

**Count I (Breach of Contract)**

40. PTI incorporates by reference its responses to paragraphs 1 through 39, above, as if set forth in full herein.

41. Denied.

42. Denied.

43. Denied.

**Count II (Breach of Covenant of Good Faith and Fair Dealing)**

44. PTI incorporates by reference its responses to paragraphs 1 through 43, above, as if set forth in full herein.

45. This paragraph states a legal conclusion to which no response is required, but to the extent a response is required, PTI denies the allegations in paragraph 45.

46. PTI denies that the Settlement Agreement was intended to "end the likelihood of confusion and actual confusion." By its own terms, paragraph 3 of the Consent Agreement explicitly provides that the parties "agree to take reasonable steps to avoid confusion that might arise in the future." PTI admits that the Settlement Agreement provides that PTI must put disclaimers on its website. PTI admits that Twitter, Facebook, LinkedIn are Internet sites developed in the past few years. PTI denies that RSS feeds are properly considered Internet sites or websites. PTI denies the remaining allegations in paragraph 46.

47. This paragraph states a legal conclusion to which no response is required, but to the extent a response is required, PTI denies the allegations in paragraph 47.

48. PTI admits that it makes documents available in PDF format on the Internet. PTI

denies the remaining allegations in paragraph 48.

49. This paragraph states a legal conclusion to which no response is required, but to the extent a response is required, PTI denies the allegations in paragraph 49.

**Count III (Reformation)**

50. PTI incorporates by reference its responses to paragraphs 1 through 49, above, as if set forth in full herein.

51. This paragraph states a legal conclusion to which no response is required.

52. Denied.

53. PTI admits that it uses Twitter, has advertised on social networks, and has purchased advertising on subways. PTI denies the remaining allegations in paragraph 53.

54. Admitted.

55. This paragraph states legal conclusions to which no response is required, but to the extent a response is required, PTI denies the allegations in paragraph 55 and its subparagraphs.

**Count IV (Unfair Competition Under § 43(A) of the Lanham Act)**

56. Count IV has been dismissed pursuant to order of the Court dated January 7, 2011. Thus, no response to this paragraph is necessary.

57. Count IV has been dismissed pursuant to order of the Court dated January 7, 2011. Thus, no response to this paragraph is necessary.

58. Count IV has been dismissed pursuant to order of the Court dated January 7, 2011. Thus, no response to this paragraph is necessary.

59. Count IV has been dismissed pursuant to order of the Court dated January 7, 2011. Thus, no response to this paragraph is necessary.

60. Count IV has been dismissed pursuant to order of the Court dated January 7, 2011. Thus, no response to this paragraph is necessary.

**Count V (§ 32(1) of the Lanham Act)**

61. Count V has been dismissed pursuant to order of the Court dated January 7, 2011.

Thus, no response to this paragraph is necessary.

62. Count V has been dismissed pursuant to order of the Court dated January 7, 2011. Thus, no response to this paragraph is necessary.

63. Count V has been dismissed pursuant to order of the Court dated January 7, 2011. Thus, no response to this paragraph is necessary.

64. Count V has been dismissed pursuant to order of the Court dated January 7, 2011. Thus, no response to this paragraph is necessary.

65. Count V has been dismissed pursuant to order of the Court dated January 7, 2011. Thus, no response to this paragraph is necessary.

**Count VI (Common Law Unfair Competition)**

66. PTI incorporates by reference its responses to Paragraphs 1 through 65, above, as if set forth in full herein.

67. This paragraph states legal conclusions to which no response is required, but to the extent a response is required, PTI denies the allegations in Paragraph 67.

68. This paragraph states legal conclusions to which no response is required, but to the extent a response is required, PTI denies the allegations in Paragraph 68.

69. This paragraph states legal conclusions to which no response is required, but to the extent a response is required, PTI denies the allegations in Paragraph 69.

**RESPONSE TO PRAYER FOR RELIEF**

70. PTI denies that PNI is entitled to any of the relief it has requested in paragraphs A through N of its prayer for relief, and denies all factual allegations contained therein. PTI further denies that PTI is entitled to any of the relief it has requested in paragraphs D(i)-(v), E, G, and H because the Court ruled in its January 7, 2011 order that PTI is not entitled to that relief as a matter of law.

**AFFIRMATIVE DEFENSES**

PTI sets forth the following affirmative defenses under Federal Rule of Civil Procedure 8(c).

**First Affirmative Defense (Waiver and Estoppel)**

PNI's remaining claims are barred by the doctrines of waiver and/or estoppel.

**Second Affirmative Defense (Laches)**

PNI's remaining claims are barred by the doctrine of laches.

**Third Affirmative Defense (Unclean Hands)**

PNI's remaining claims are barred by the doctrine of unclean hands.

**Fourth Affirmative Defense (No Breach)**

PNI's remaining claims should be rejected because PTI has committed no breach of the operative contractual documents giving rise to PNI's claims.

**Fifth Affirmative Defense (No Material Breach)**

PNI's remaining claims should be rejected because even if PTI has committed a breach of any of the operative contractual documents giving rise to his claims, that breach is not material and cannot support a claim for declaratory relief.

**Sixth Affirmative Defense (No Damages)**

PNI's remaining claims should be rejected because it has suffered no damages from any alleged breach of any contract by PTI.

**Additional Affirmative Defenses**

PTI reserves the right to amend this answer to affirmatively set forth other affirmative defenses revealed during the course of discovery or by the evidence at trial.

WHEREFORE, having fully answered the allegations set forth in PNI's Counterclaims, PTI respectfully requests that the Court dismiss those Counterclaims with prejudice, order that PNI take nothing by the Counterclaims, enter judgment on the Counterclaims in PTI's favor, and award PTI the costs of defending this action and any other and further relief that the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

PTI hereby demands trial by jury for all causes of action, claims, or issues in this action which are triable as a matter of right to a jury.

Dated: January 21, 2011

KEKER & VAN NEST LLP

By: ___/s/ *Daniel Purcell*________________
DANIEL PURCELL
Attorneys for Plaintiff-Counterdefendant
PALANTIR TECHNOLOGIES, INC.