IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALANTIR TECHNOLOGIES, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>PALANTIR.NET, INC.,<br><br>    Defendant. | No. C 10-04283 CRB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO AMEND COUNTERCLAIM** |

In the latest round of litigation between Palantir Technologies and Palantir.net, Palantir Technologies brought suit in September 2010, alleging a breach of the Settlement Agreement. In January 2011, the Court dismissed Palantir.net's two Lanham Act counterclaims. Palantir.net now moves for leave to amend its counterclaims to add additional factual allegations and a count for cancellation of the Palantir Technologies trademark registration; Palantir Technologies opposes. The Court determined that the motion was appropriate to decide without oral argument, see Local Rule 7-1(b), and now grants the motion in part and denies it in part.

**I.  BACKGROUND**

The facts of this case are well known to the parties. Pursuant to the Settlement Agreement between them, Palantir Technologies was to make payments to Palantir.net and add disclaimers about its name to some of its materials. See Purcell Decl. Ex. A ¶¶ 3, 4. In

exchange, Palantir Technologies was permitted to use the "PALANTIR" mark with Palantir.net's permission and even Palantir.net's help.[1]  See id. ¶¶ 8-10.  Specifically, Palantir.net agreed "not to oppose registration of the PTI Class 9 Application and agrees to execute such consents as may be needed to allow that application to mature to registration." Id. ¶ 10.  The parties agreed "not to sue each other based on trademark applications or registrations filed with the USPTO."  Id. ¶ 11.

The Settlement Agreement included two relevant releases.  The first involved all existing claims.  Id. ¶ 13.  The second involved some future claims:

> PNI [Defendant] and PTI [Plaintiff] each acknowledge that there is a risk that <u>subsequent to the execution</u> of this Agreement, it may discover, <u>incur or suffer</u> claims which were unknown or unanticipated at the time this Agreement was executed, including, without limitation, unknown or unanticipated claims which arise from, are based on, or are <u>related to the pending Lawsuit</u> or some aspect thereof; which if known by it on the date of this Agreement being executed, may have materially affected its decision to execute this Agreement.  PNI and PTI each expressly assume the risk of such unknown and unanticipated claims and agree that the release provided in this Agreement applies to such claims.

Id. ¶ 15 (emphasis added).

Following settlement and dismissal, and triggered by the USPTO's preliminary objection to Palantir Technologies's trademark application, the parties entered into a Consent to Use and Registration Agreement reaffirming their belief that the use of their respective marks was not likely to cause any confusion.  Purcell Decl. Ex. B at 2.  In the Consent, the parties also "agree[d] to cooperate and consult with one another in good faith should future conditions or developments create a likelihood of confusion arising from use of their respective marks" and "to take reasonable steps to avoid confusion that may arise in the future."  Purcell Decl. Ex. B at 2.

In August 2010, Palantir.net formally asked the USPTO to cancel Palantir Technologies's trademark registration.  Purcell Decl. Ex. C.  Palantir.net asserted in this request that "[s]ince obtaining its registration, [Plaintiff] has refused to cooperate and consult in good faith with regard to instances of confusion that have occurred."  Id.  Palantir.net cited

---

[1] Defendant was to "execute such consents as may be needed to allow [Plaintiff's] application to mature to registration."  Opp. to MTD Ex. A ¶¶ 9-10.

2

two instances in which emails intended for it were mistakenly sent to Palantir Technologies. Id. It listed as grounds for cancellation "deceptiveness," "false suggestion of a connection," "Torres v. Cantine Torressella S.r.l. Fraud," misrepresentation of the source of the goods or services, and "priority and likelihood of confusion." Id.

Palantir Technologies then filed suit against Palantir.net in September 2010, alleging breach of the Settlement Agreement and related consent agreement, as well as breach of the covenant of good faith and fair dealing. See dckt. no. 1. Palantir Technologies moved to suspend the cancellation proceeding in light of this lawsuit, and Palantir.net did not oppose. Reply (dckt. no. 76) at 4. In October 2010, Palantir.net served its Answer, Affirmative Defenses, and Counterclaims alleging: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) contract reformation; (4) unfair competition under §43(a) of the Lanham Act; (5) violation of §32(1) of the Lanham Act; and (6) common law unfair competition. See dckt. no. 21 at 23-27. Palantir Technologies moved to dismiss the Lanham Act counterclaims, see dckt. no. 27, and Palantir.net moved for default judgment, see dckt. no. 28.

In January 2011, the Court granted the motion to dismiss Palantir.net's two Lanham Act counterclaims (and denied the motion for default judgment). See dckt. no. 44. The Court found that "[t]o the extent Defendant's Lanham Act counterclaims were incurred or suffered subsequent to the execution of the settlement agreement, there is no dispute that those counterclaims are related to the parties' settled lawsuit; both involve allegations of confusion over the PALANTIR mark. Accordingly, those claims were released, and should be dismissed." Id. at 6. The Court further held that to the extent the counterclaims "were not new claims, but old ones," "[t]hose claims were released . . . and . . . this Court dismissed 'all claims in [that] lawsuit' with prejudice." Id. at 6-7.

Palantir.net has now filed a Motion for Leave to File Amended Counterclaim, seeking to add two items: (1) "an explicit count providing for a judicial determination that [Palantir Technologies's] violation of the Consent requires the cancellation of the registration for PALANTIR in Class 9, Registration No. 3585690," and (2) "additional allegations reflecting

3

1 injury that has resulted from [Palantir Technologies's] continued refusal to adhere to the
2 terms of the Settlement Agreement." Mot. at 3-4. Palantir Technologies opposes this
3 motion.[2]

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a pleading should be "freely given when justice so requires." The Ninth Circuit construes this rule broadly, requiring that leave to amend should be granted with "extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)). Reasons to deny a grant of leave to amend include when the moving party has acted in bad faith or with undue delay, when the amendment would prejudice the opposing party, or where amendment would be futile. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). The party opposing leave to amend carries the burden of showing why leave should not be granted. Id. at 187.

The standard to add a counterclaim is analogous. "An amendment to add a counterclaim will be governed by Rule 15." Notes of Advisory Committee on 2009 Amendments to Rule 13 (abrogating Rule 13(f)). The court, in deciding whether to allow a party to assert a counterclaim, uses the same factors as in deciding to grant leave to amend. Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004).

## III.    DISCUSSION

### A.    Additional Factual Allegations

As an initial matter, Palantir Technologies's objection to Palantir.net's "attempt to add irrelevant and inflammatory factual allegations to this straightforward contract case," Opp'n (dckt. no. 66) at 7, is without merit. Palantir Technologies complains that the inclusion in the counterclaim of "recent press 'controversies' about [its] business" do not relate to any breach of contract, nor "have any relevance to Palantir.net's purported damages." Opp'n at 8. Not

---

[2] Palantir Technologies has also moved to strike Palantir.net's Reply as untimely. See dckt. no. 72. That motion is denied; the Court has already permitted Palantir.net to file its Reply under seal. See dckt. no. 75.

United States District Court
For the Northern District of California

4

necessarily. Moreover, Palantir Technologies has not demonstrated that the new allegations were added in bad faith or that their inclusion in the counterclaim amounts to prejudice. The motion is therefore GRANTED as to the new factual allegations.

### B.   New Count for Cancellation

As to the Cancellation count, the question is whether amendment would be futile. See DCD Programs, Ltd., 833 F.2d at 186. Palantir Technologies argues that it would be, because "[a]s this Court already ruled in a January 7, 2011 order, the releases in the parties' settlement agreement bar [Palantir.net] from raising claims challenging Palantir's rights to the PALANTIR trademark." Opp'n at 1. Palantir Technologies further asserts that the Court recently dismissed any claims "'related to the settled lawsuit,' specifically including claims that 'involve allegations of confusion over the PALANTIR mark,'" and that the new counterclaim meets both criteria because "it is related to the Settled Case and dependent on allegations of confusion over the PALANTIR mark." Id. at 4.

At issue in the Court's January 7, 2011 Order were two Lanham Act counterclaims. See dckt. no. 44 at 6 ("In the settled case, Defendant counterclaimed, alleging that Plaintiff violated sections 43(a) and 32(1) of the Lanham Act. . . . The new counterclaims at issue in this motion allege that Plaintiff violated sections 43(a) and § 32(1) of the Lanham Act."). The Court concluded without much difficulty that the new Lanham Act claims alleging confusion were related to the earlier Lanham Act counterclaims alleging confusion, and were thus barred by the Settlement Agreement's paragraph 15, which released claims incurred or suffered subsequent to the execution of the Agreement and which are "related to the pending Lawsuit." Id. at 2-6.

The new counterclaim, entitled "Cancellation of [Palantir Technologies's] Class 9 Registration," is ostensibly not about likelihood of confusion but about compliance with the Consent agreement's "cooperate and consult" paragraph. See dckt. no. 57-1 at 22. It asserts that "[Palantir Techonologies] has violated the Consent . . . by its refusal to take reasonable steps to avoid confusion arising after execution of the Consent." Id. ¶ 89. It goes on: "Those violations have included failures to refer misdirected contacts to Palantir.net, refusing to

5

1 consult in good faith with Palantir.net when advised of actual confusion and refusing to
2 ensure that disclaimers are included on websites, web pages and published materials." Id. ¶
3 90. And it concludes: "As a result of [Palantir Techonologies's] violations of the Consent,
4 which was the basis for the [USPTO] grant of registration, [Palantir Technologies's]
5 Registration No. 3585690 is not valid and must be cancelled." Id. ¶ 91. At first blush, it
6 appears quite similar to the counterclaims asserting breach of the Settlement Agreement, to
7 which Palantir Technologies has not objected.

8       That is why, if the counterclaim simply alleged a breach of the Consent agreement, it
9 would be unobjectionable. While, broadly speaking, such a claim would be "related to the
10 Settled Case," in that there would not have been a Consent agreement absent the litigation
11 between the parties, which led to the Settlement Agreement, which contemplated that the
12 parties would "execute such consents as may be needed to allow [Palantir Technologies's
13 application] to mature to registration," even Palantir Technologies's own Complaint alleged
14 that Palantir.net breached both the Settlement Agreement and the related Consent agreement.
15 See dckt. no. 1.[3]

16       The problem with the Cancellation counterclaim is that it is not, as currently pleaded,
17 an "independent contract claim," Reply at 4, for which one of the possible remedies sought is
18 cancellation. It is a "Cancellation" claim. A court may cancel a registration on "any ground
19 which would have prevented registration initially." See Int'l Order of Job's Daughters v.
20 Lindeburg Co., 727 F.2d 1087, 1091 (Fed. Cir. 1984). Palantir.net does not convincingly
21 argue that violation of the Consent agreement would have been a sufficient ground for
22 preventing the registration initially, absent the kinds of things listed in Palantir.net's Petition
23 for Cancellation: deceptiveness, false suggestion of a connection, and "priority and
24 likelihood of confusion." Purcell Decl. Ex. C. Indeed, the counterclaim's allegations that
25 Palantir Technologies refused "to take reasonable steps to avoid confusion," Amended

---

[3] Nor could Palantir Technologies want the Court to find the Consent agreement is a nullity, as it is the Consent agreement that enabled Palantir Technologies to acquire the Class 9 application.

Counterclaim, count VII ¶ 89, necessarily suggest that there was confusion. See also id. at ¶ 7 (describing two mistaken business inquiries sent to Palantir Technologies).

Because the Cancellation claim relies on allegations of confusion, it is barred by the Settlement Agreement. See Order dckt. no. 44 at 6. Confusion was the central issue in the settled case. See, e.g., Case No. 07-3863, dckt. no. 77 at 4 ("the parties' only dispute is whether [Plaintiff's] use of 'palantir' is likely to cause confusion.'"). It was understood to the parties in drafting the Settlement Agreement that Palantir Technologies planned to register the PALANTIR mark, that Palantir.net was to help it do so, and that the parties were "not to sue each other based on trademark applications or registrations filed with the USPTO." Purcell Decl. Ex. A ¶¶ 10- 11. Palantir.net cannot now argue that a subsequent claim based on Palantir Technologies's trademark registration was not "related to" the settled case, and therefore barred by the Settlement Agreement's paragraph 15.[4] The claim is barred and amendment would be futile. The motion is therefore DENIED as to the new Cancellation claim. However, Palantir.net may amend the counterclaim within thirty days of this Order to bring a straightforward breach of contract claim based on the Consent agreement if it so chooses.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Palantir.net's motion. The Court declines Palantir Technologies's invitation to sanction Palantir.net for its conduct.

**IT IS SO ORDERED.**

Dated: April 11, 2011

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[4] Relatedly, the Cancellation claim seeks exactly the same remedy that Palantir.net sought with the released trademark claims from the settled case, and the dismissed trademark claims from this case: an injunction canceling Palantir Technologies's federal trademark and limiting Palantir Technologies's future use of the PALANTIR mark. As Palantir Technologies asserts in its Opposition, this is exactly what it thought it had avoided by settling. Opp'n at 5.