United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PALANTIR TECHNOLOGIES, INC., Plaintiff, v. PALANTIR.NET, INC., Defendant. | Case No.10-CV-04283 CRB (EDL) |
| PALANTIR.NET, INC., Counterclaimant, v. PALANTIR TECHNOLOGIES, INC., Counter-Defendant. | **ORDER GRANTING PALANTIR TECHNOLOGIES, INC.'S MOTION TO COMPEL; DENYING MOTION FOR SANCTIONS**<br><br>Date Comp. Filed: Sept. 23, 2010<br>Trial Date: None set |

Plaintiff Palantir Technologies, Inc.'s ("PTI") Motion to Compel and for Sanctions came before this Court for hearing on May 3, 2011. Having considered PTI's motion, defendant Palantir.net, Inc.'s ("PNI") opposition thereto, PTI's reply, and the oral argument of the parties, The Court **GRANTS** PTI's Motion to Compel as follows:

1. By failing to timely serve responses or objections to PTI's First Set of Requests for Production and First Set of Interrogatories, PNI has waived all of its objections to those discovery requests, except for attorney-client privilege and mental-impression (i.e. opinion) work product objections. PNI shall produce a detailed privilege log for any documents being withheld on the basis of these objections.

2. Having waived its objections to PTI's First Set of Requests for Production, PNI shall produce to PTI all remaining documents responsive to those requests within one week of the date of this Order.

3. Having waived its objections to PTI's First Set of Interrogatories, PNI shall serve on PTI supplemental responses to those interrogatories within two weeks of the date of this Order. Specifically:

- To the extent PNI answers Interrogatory Nos. 1-3, either in whole or in part, by identifying documents, PNI may not simply refer to documents collectively. Instead, PNI must specifically identify the particular documents that it contends support the allegations in its Counterclaim of, respectively, breach of contract, breach of the covenant of good faith and fair dealing, and consumer confusion.
- With respect to Interrogatory No. 4, PNI must either state all facts that provide the basis of its $150,000 damages estimate, or confirm that at this time it knows of no specific facts that support its damages estimate.
- With respect to Interrogatory Nos. 5-7, PNI must explain the factual basis, if any, of its contentions regarding contract interpretation. For example, if PNI's contentions are based on the parties' negotiation history, subsequent behavior, or other parol evidence, it must identify the specific facts on which it is relying. If PNI's contentions are based only on the contractual language, PNI should so state.

- With respect to Interrogatory No. 8, PNI must provide complete descriptions of all its communications with third parties regarding the claims at issue the case—for example, alleged instances of breach of contract by PTI, alleged instances where consumers have been confused between PTI and PNI, and business opportunities lost by PNI as a result of alleged breaches or confusion.

Palantir's request for sanctions is **DENIED**, without prejudice, on the grounds that it was not brought in a separately filed motion as is required by Civil Local Rule 7-8(a).

**IT IS SO ORDERED**.

Dated: May 11, 2011

Elizabeth D. Laporte

ELIZABETH D. LAPORTE
United States Magistrate Judge

**United States District Court**
For the Northern District of California