KEKER & VAN NEST LLP
ELLIOT R. PETERS - #158708
DANIEL PURCELL - #191424
CHRIS J. YOUNG - #239518
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff
PALANTIR TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PALANTIR TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> PALANTIR.NET, INC., <br><br> Defendant. <br><br> PALANTIR.NET, INC., <br><br> Counterclaimant, <br><br> v. <br><br> PALANTIR TECHNOLOGIES, INC., <br><br> Counter-Defendant. | Case No. C 10-04283 CRB (EDL) <br><br> **PLAINTIFF PALANTIR TECHNOLOGIES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS** <br><br> Date: July 8, 2011 <br> Time: 10:00 a.m. <br> Courtroom: 8, 19th Floor <br> Judge: The Honorable Charles R. Breyer <br><br> Date Comp. Filed: September 23, 2010 <br><br> Trial Date: None set |

PLEASE TAKE NOTICE that, on July 8, 2011 at 10:00 a.m., or another date and time ordered by this Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, plaintiff and counter-defendant Palantir Technologies, Inc. ("Palantir") will, and hereby does, move under Federal Rule of Civil Procedure 12(b)(6) to dismiss any prayers for relief in defendant and counterclaimant Palantir.net, Inc.'s ("PNI") Second Amended Counterclaim that seek injunctive relief challenging Palantir's right to use the trademark PALANTIR in connection with its business. This motion seeks dismissal of the requests for injunctive relief in paragraphs F(i)-(v), G, I, and J of PNI's prayer for relief.

## I.     INTRODUCTION

This relatively simple case has already been through two rounds of motions regarding the permissible scope of PNI's counterclaims in this case. In both rounds, Palantir has objected to PNI's claims seeking to challenge Palantir's right to continue using the PALANTIR trademark and trade name, arguing that such challenges were barred by the releases in settlement contracts resolving prior litigation between the parties. Twice, the Court has agreed with Palantir and dismissed (or refused to grant leave to add) PNI's counterclaims seeking to strip Palantir of its right to use the PALANTIR name. Despite this clear guidance, and the express releases of such claims, PNI persists in trying to smuggle those claims back into the case. On May 11, 2011, PNI filed its Second Amended Counterclaim, in which it again demanded an injunction barring Palantir's use of the PALANTIR mark. PNI's prayer, like before, is premised on the allegation that Palantir's actions have confused the public and thereby caused harm to PNI's business. The Court has specifically ruled that PNI released and may not pursue claims based on alleged public confusion. Accordingly, although Palantir does not want to burden the Court with yet another pleadings motion, it has no choice but to move to dismiss the requests for injunctive relief in paragraphs F(i)-(v), G, I, and J of PNI's prayer for relief. Even if those claims were not doubly barred by the releases and this Court's prior orders, none of PNI's remaining claims, including a new one for breach of the Consent Agreement, authorize the injunctive relief PNI seeks.

Palantir respectfully asks the Court to put an end to this cycle of pleading and repleading by entering an order clarifying that PNI is limited to bringing contract claims for damages or

specific performance—*e.g.,* an order that Palantir cooperate and consult with PNI in the future to avoid alleged confusion (as Palantir is already doing)—but that PNI may not seek or obtain any relief that would interfere with Palantir's right to use the PALANTIR mark or trade name.

## II. BACKGROUND

In February 2008, Palantir and PNI entered into a binding agreement to settle trademark litigation entitled *Palantir Techs., Inc. v. Palantir.net, Inc.*, Case No. C-07-3863 CRB (N.D. Cal.) (the "Settled Case"). Second Am. Countercl. Ex. A ¶ 27. That agreement ("Settlement Agreement") concluded a dispute over whether Palantir's use of the PALANTIR mark was likely to cause confusion in the market and whether, as a result, Palantir should be enjoined from using that mark. Palantir settled the case in order to protect its right to use the PALANTIR mark in developing its business and remove any future threat that it would be ordered to change its trade name. *Id.* at ¶¶ 3; Palantir's Answer ¶ 10, dckt. no. 21. As a critical part of the settlement, PNI agreed to dismiss with prejudice its trademark claims under sections 43(a) and 32(1) of the Lanham Act. PNI also executed the broadest possible releases, encompassing both its existing claims related to any aspect of the Settled Case and any future claims related to alleged confusion in the marketplace arising from Palantir's use of the PALANTIR mark. Second Am. Countercl. Ex. A ¶¶ 13, 15. Several months later, the parties entered into a Consent to Use and Registration Agreement ("Consent Agreement"). Second Am. Countercl. Ex. B. The Consent Agreement was expressly designed to persuade the United States Patent & Trademark Office ("USPTO") to approve Palantir's trademark registration. It affirmed the parties' position that the use of their respective marks was unlikely to cause meaningful confusion, obligating the parties to deal cooperatively with whatever minimal confusion might arise in the future. *Id.* at ¶¶ 2-3.

Palantir brought the current suit because PNI breached both of these contracts. In August 2010, without any warning to Palantir, PNI formally requested the USPTO to cancel Palantir's trademark registration. Palantir's Answer ¶ 2 & Request for Judicial Notice ("RJN") Ex. C, dckt. no. 23. PNI's request was based on the very claims that were litigated in the Settled Case, and subsequently released by the Settlement Agreement—claims of alleged confusion due to Palantir's use of the mark. RJN Ex. C at 3-4, ¶ 3(i)-(k). PNI attempted to resurrect those claims

in this action by including them in the Counterclaims it filed in October 2010. Countercl. ¶¶ 56-66, dckt. no. 21. In particular, PNI repleaded the same Lanham Act claims and requests for injunctive relief barring Palantir from using the mark because it was confusingly similar to PNI's. Countercl. ¶¶ 56-66. Palantir moved to dismiss, pointing out that PNI had expressly released those claims when it resolved the Settled Case. Second Am. Countercl. ¶¶ 13, 15. This Court agreed, and in a January 7, 2011 order dismissed PNI's Lanham Act counterclaims and requests for injunctive relief challenging Palantir's federal trademark rights. *See* January 7, 2011 Order at 6-7, dckt. no. 44. The basis of this Court's decision was that PNI had attempted to revive the same arguments it brought, settled, and released in the Settled Case. *Id.*

Subsequently, PNI sought leave to file an Amended Counterclaim, which added a stand-alone claim for cancellation of Palantir's federal trademark. Mot. for Leave at 3, dckt. no. 51. PNI also repleaded verbatim the same requests for injunctive relief from its initial Counterclaim, even though Palantir had just moved to dismiss those requests and the Court had granted that motion. *Id.* Palantir filed a partial opposition to PNI's motion for leave, using the releases and the Court's prior order to argue that the cancellation claim and requests for injunctive relief were futile. *See* Opp'n to Mot. for Leave at 4-6, dckt. no. 66. Again, the Court agreed. In an April 11, 2011 order, the Court refused to let PNI add the cancellation claim. April 11, 2011 Order at 7, dckt. no. 80. The Court explained that, given the Counterclaim's focus on alleged instances of confusion, *id.* at 6-7 (*citing* Countercl. ¶¶ 7, 89), the proposed cancellation claim necessarily "relies on allegations of confusion." *Id.* at 7. Accordingly, that claim was "barred by the Settlement Agreement." *Id.* The Court further explained that PNI's proposed cancellation claim was improper because it sought "exactly the same remedy that" PNI had sought

> with the released trademark claims from the settled case, and the dismissed trademark claims from this case: an injunction canceling Palantir Technologies' federal trademark and limiting Palantir Technologies' future use of the PALANTIR mark. As Palantir Technologies asserts in its Opposition, this is exactly what it thought it had avoided by settling.

*Id.* at n.4. The Court gave PNI leave to file "a straightforward breach of contract claim based on the Consent Agreement," *id.*, but did not authorize PNI to seek through that new claim the released remedies of canceling Palantir's registration or limiting its trademark rights.

On May 11, 2011, PNI filed its Second Amended Counterclaim. *See* dckt. no. 101. As the Court had said it could, PNI added a claim alleging that Palantir had breached the Consent Agreement. *See* Second Am. Countercl. at 22. PNI does not explain what remedy it seeks on its new claim. If PNI were suing for damages stemming from the alleged breach, or for an order requiring Palantir to specifically perform the terms of the Consent Agreement, that would be one thing. But it is clear that PNI is after more than that. Despite the releases and the Court's prior orders, PNI still insists it is entitled to the same remedy this Court said it could not seek: injunctive relief canceling Palantir's trademark rights. *See* Second Am. Countercl. at Prayer for Relief ¶¶ F(i)-(v), G, I & J. Accordingly, Palantir files this motion to dismiss, asking the Court to resolve once and for all the scope of the remedy PNI may seek in this suit.[1]

### III. ARGUMENT

PNI is barred from challenging Palantir's rights to continue using the PALANTIR mark and trade name for three reasons. First, this Court has made clear that the settlement bars such relief. Second, PNI released any right to such relief when it settled the earlier litigation. Third, even if PNI had not released its right to seek such relief, none of the claims it has brought—for breach of contract, breach of the covenant of good faith and fair dealing, reformation, or unfair business practices—would entitle it to an injunctive order depriving Palantir of its right to use its trademark or trade name.

**A. PNI is barred from asserting confusion-based claims and challenging Palantir's trademark rights.**

    **1. This Court previously dismissed PNI's confusion-based claims.**

As discussed already, this Court has already confronted and resolved two separate rounds of motions regarding whether PNI has the right to challenge Palantir's right to use the PALANTIR mark and trade name. On January 7, 2011, this Court granted Palantir's motion to dismiss PNI's Lanham Act claims and requests for injunctive relief, ruling that PNI had released

---

[1] Out of caution, Palantir has to assume that PNI still considers its requests for injunctive relief to be part of this case and intends to pursue that relief. By way of comparison, although PNI repleaded its released and dismissed Lanham Act counterclaims, it made clear it was doing so only to preserve those claims for appeal. PNI has never made that concession for its requests for injunctive relief in either iteration of its amended counterclaim.

(and dismissed with prejudice) those same claims in the Settled Case. January 7, 2011 Order at 6-7. Then, on April 11, 2011, the court rejected PNI's attempt to add a stand-alone claim for cancellation of Palantir's trademark, because that claim (1) was based on alleged instances of confusion, and thus was barred by the releases in the Settlement Agreement; and (2) sought the exact same relief that Palantir thought it had taken off the table forever by settling the Settled Case. April 11, 2011 Order at 6-7. Together, these orders establish that PNI is limited to claims seeking damages for breach of contract or, alternately, specific performance of some term of the settlement contracts. It puts off limits claims that are based on alleged confusion or that seek to prevent Palantir from using the PALANTIR name.

    **2.    In addition to this Court's Orders, PNI released all future trademark claims arising from instances of confusion caused by Palantir's use of the mark.**

Even apart from this Court's two Orders, PNI is barred by the releases in the Settlement Agreement from seeking injunctive relief restricting Palantir's use of the PALANTIR mark and name. First, under paragraph 13, PNI released Palantir "from any and all debts, liabilities, and obligations arising out of or in any way connected with: (a) The Lawsuit; and (b) Any and all claims that exist of the date of this Agreement." January 7, 2011 Order at 2. In other words, paragraph 13 released claims "connected with" either the confusion-based trademark claims PNI brought in the Settled Case or any other claims PNI might have had against Palantir as of February 11, 2008. Second, in paragraph 15, PNI further released Palantir from all claims which, "subsequent to the execution of this Agreement, it may discover, incur or suffer" and which claims "were unknown or unanticipated at the time this Agreement was executed," including any and all claims "related to the pending Lawsuit or some aspect thereof." *Id.* As the Court correctly noted in its April 11, 2011 Order, when it signed these releases, Palantir believed it had bought peace, and that PNI would not be able later to seek to strip Palantir of its name.

Notwithstanding these releases, PNI continues to seek exactly that relief. To the extent PNI will argue that the Court's authorization of a stand-alone claim for breach of the Consent Agreement permits PNI to seek this relief, it is worth noting that PNI's Second Amended Counterclaims in general, *see* Second Am. Countercl. ¶¶ 7-11, and the claim for breach of the

Consent Agreement in particular, *see id.* ¶¶ 92, 93, 95, rely on allegations that Palantir's ongoing use of the PALANTIR name is causing public confusion. PNI likewise includes requests for the same type of injunctive relief in its current prayer for relief that it set forth in its initial Counterclaim. *Compare* Second Am. Countercl. at Prayer for Relief ¶¶ F(i)-(v), G, I & J *with* Countercl. at Prayer for Relief ¶¶ D(i)-(v), G & H. That sort of claim—and certainly the relief PNI seeks as a result—is exactly what the releases were designed to prohibit.

**B.     None of PNI's contract claims authorize injunctive relief challenging Palantir's right to use the PALANTIR mark.**

Finally, even independent of the Court's prior orders or the broad releases in the parties' Settlement Agreement, PNI may not seek injunctive relief stripping Palantir of its trademark rights because none of the claims PNI has brought—for breach of both the Settlement Agreement and the Consent Agreement, breach of the covenant of good faith and fair dealing, contract reformation, and unfair business practices—entitle PNI to that sort of relief as a matter of law.

With respect to PNI's contract claims, PNI might be entitled to damages, if it can prove that the alleged breaches by Palantir caused it to lose business. Alternatively, only if PNI can show that the contracts are sufficiently definite and that its "legal remedy is inadequate," PNI could be entitled to specific performance of the terms of the contracts. *See Union Oil of Cal. v. Greka Energy Corp.,* 165 Cal. App 4th 129, 134 (2008) (citing *Blackburn v. Charnley,* 117 Cal. App. 4th 758, 766 (2004)). But even if specific performance were available here, that remedy would entitle PNI only to an order requiring Palantir to perform the terms of the contracts that Palantir allegedly breached—for example, an order directing Palantir to post certain disclaimers and forward allegedly misdirected emails to PNI. (Because Palantir is doing all these things already, PNI would not be entitled to that sort of order anyway.) Neither of the contracts at issue contain any term requiring Palantir to forfeit its trademark rights or trade name. In fact, the releases expressly put that relief off limits. Accordingly, even a specific-performance remedy would not entitle PNI to force Palantir to stop using the PALANTIR name.

Neither may PNI obtain that sort of injunctive relief through its unfair business practices claim. Claims under California Business & Professions Code section 17200 provide for only

two remedies: (1) restitution and (2) injunctions barring acts of unfair competition. *See Shersher v. Superior Court,* 154 Cal. App. 4th 1491, 1496 (2007) (quoting *Kasky v. Nike, Inc.,* 27 Cal. 4th 939, 949 (2002)). It is unclear that PNI has any claim for restitution; it has never pleaded that Palantir has taken and possesses any money or property that rightfully belongs to PNI. *See Feitelberg v. Credit Suisse First Boston, LLC,* 134 Cal. App. 4th 997, 1012-13 (2005) (limiting restitution under section 17200 to circumstances where "a defendant has wrongfully acquired funds or property in which a plaintiff has an ownership or vested interest"). But in any event, restitution could not entitle PNI to an order stripping Palantir of its trade name. As for an injunction barring the alleged unfair business practice, the "unfair business practice" PNI alleges here is Palantir's alleged breaches of the contracts. Accordingly, an injunction ordering Palantir to stop that behavior would be the same an order of specific performance. As discussed above, a specific-performance order could not strip Palantir of its trade name because nothing in either contract requires Palantir to perform by giving up its name. To the contrary, both settlement contracts specifically provide that Palantir will be able to ***keep using*** its name. Second Am. Countercl. Ex. A (Settlement Agreement) ¶¶ 8, 9, 11, 13, 15, 16; *id.* Ex. B (Consent Agreement) ¶¶ 2-5. Alternatively, to the extent PNI is asserting that Palantir's continued use of the PALANTIR trade name itself is the unfair business practice, and seeking to enjoin Palantir from using that name, this is exactly what the settlement resolved and put off limits. PNI cannot escape the release and dismissal of its trademark claims by repackaging those claims under yet another new label.

## IV. CONCLUSION

So that the parties can understand what is at stake in this lawsuit and litigate accordingly, Palantir asks the Court to issue a clarifying order explaining that PNI may not seek injunctive relief limiting Palantir's right to use the PALANTIR mark or name. The Court's previous Orders, the broad releases in the Settlement Agreement, and the well-established remedial limits on PNI's remaining claims all compel that result. Specifically, this Court should make clear that PNI's requests for injunctive relief, as set forth in paragraphs F(i)-(v), G, I, and J of PNI's prayer

///

1 | for relief, are dismissed from this action (or alternately are stricken from PNI's prayer for relief),
2 | and that PNI is barred from seeking that relief in this (or any other) action.

Dated: June 1, 2010                                KEKER & VAN NEST LLP

                                                   By: /s/ Daniel Purcell
                                                       DANIEL PURCELL
                                                       Attorneys for Plaintiff
                                                       PALANTIR TECHNOLOGIES, INC.

557320.01