IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALANTIR TECHNOLOGIES, INC., | No. C 10-04283 CRB |
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS** |
| v. | |
| PALANTIR.NET, INC., | |
| Defendant. | |

Palantir Technologies and Palantir.net again dispute the scope of their settlement agreements. Palantir Technologies argues that the agreements prohibit Palantir.net's amended counterclaim and the injunctive relief that it requests. The Court rejects Palantir Technologies's argument, however it agrees that the agreements limit the parties' liability – as stated in the Court's April 11 Order and clarified below. The Court, therefore, DENIES Palantir Technologies's Motion to Dismiss.

**I.   BACKGROUND**

   **A.   Settlement and Consent Agreements**

In February 2008, Plaintiff Palantir Technologies Inc. and Defendant Palantir.net entered into a binding agreement ("Settlement Agreement") settling a trademark dispute over use of the PALANTIR mark. See generally Mot. (dkt. 107) at 3. The Settlement Agreement contained two relevant releases. The first involved all then-existing claims. Second

Amended Counterclaim, Ex. A (dkt. 101-1) ¶ 13 ("SAC"). The second involved future claims:

> PNI [Palantir.net] and PTI [Palantir Technologies] each acknowledge that there is a risk that <u>subsequent to the execution</u> of this Agreement, it may discover, <u>incur or suffer</u> claims which were unknown or unanticipated at the time this Agreement was executed, including, without limitation, unknown or unanticipated claims which arise from, are based on, or are <u>related to the pending Lawsuit</u> or some aspect thereof; which if known by it on the date of this Agreement being executed, may have materially affected its decision to execute this Agreement. PNI and PTI each expressly assume the risk of such unknown and unanticipated claims and agree that the release provided in this Agreement applies to such claims.

Id. ¶ 15 (emphasis added).

In late 2008, following settlement and dismissal, and triggered by the USPTO's preliminary objection to Palantir Technologies's trademark application, the parties entered into a Consent to Use and Registration Agreement ("Consent Agreement") – designed to be "entirely consistent with the terms of the [Settlement] Agreement," Opp'n, Ex. A (dkt. 112-1) at 2 – that reaffirmed the parties' belief that the use of their respective marks "was unlikely to cause meaningful confusion." Mot. (dkt. 107) at 3. The Consent Agreement also contained a duty-to-cooperate clause, at issue in the present dispute:

> The Parties agree to cooperate and consult with one another in good faith should future conditions or developments create a likelihood of confusion arising from use of their respective marks. The Parties further agree to take reasonable steps to avoid confusion that may arise in the future."

Opp'n, Ex. A (dkt. 112-1) at 3.

**B.     First motion to dismiss counterclaims**

In September 2010, Palantir Technologies brought the current suit against Palantir.net, alleging breach of the Settlement and Consent Agreements.[1] Mot. (dkt. 107) at 2. In November 2010, Palantir.net served its Answer, Affirmative Defenses, and Counterclaims alleging: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3)

---

[1] The dispute began when, in August 2010, Palantir.net formally asked the USPTO to cancel Palantir Technologies's trademark registration. <u>See generally</u> April 11 Order (dkt. 80) at 2. Palantir.net asserted in this request that "[s]ince obtaining its registration, [Plaintiff] has refused to cooperate and consult in good faith with regard to instances of confusion that have occurred." Palantir.net cited two instances in which emails intended for it were mistakenly sent to Palantir Technologies. It listed as grounds for cancellation "deceptiveness," "false suggestion of a connection," "<u>Torres v. Cantine Torressella S.r.l.</u> Fraud," misrepresentation of the source of the goods or services, and "priority and likelihood of confusion." Id.

2

contract reformation; (4) unfair competition under §43(a) of the Lanham Act; (5) violation of §32(1) of the Lanham Act; and (6) common law unfair competition. See Dkt. 21. Palantir Technologies moved to dismiss the Lanham Act counterclaims, see dkt. 27, which motion the Court granted in January 2011. See Dkt. 44. The Court held that "[t]o the extent Defendant's [Palantir.net's] Lanham Act counterclaims were incurred or suffered subsequent to the execution of the settlement agreement, there is no dispute that those counterclaims are related to the parties' settled lawsuit; both involve allegations of confusion over the PALANTIR mark. Accordingly, those claims were released, and should be dismissed." Id. at 6. The Court further stated that, to the extent the counterclaims "were not new claims, but old ones," "[t]hose claims were released . . . [and] this Court dismissed 'all claims in [that] lawsuit' with prejudice." Id. at 6-7.

### C. Amended counterclaim

Palantir.net subsequently sought leave to file an amended counterclaim in order to add two items: (1) "an explicit count providing for a judicial determination that [Palantir Technologies's] violation of the Consent requires the cancellation of the registration for PALANTIR in Class 9, Registration No. 3585690," and (2) "additional allegations reflecting injury that has resulted from [Palantir Technologies's] continued refusal to adhere to the terms of the Settlement Agreement." See dkt. 57.

On April 11, 2011, The Court granted in part and denied in part Palantir.net's motion. See Order (dkt. 80). It reasoned:

> Because the Cancellation claim relies on allegations of confusion, it is barred by the Settlement Agreement . . . . Confusion was the central issue in the settled case . . . . It was understood to the parties in drafting the Settlement Agreement that Palantir Technologies planned to register the PALANTIR mark, that Palantir.net was to help it do so, and that the parties were not to sue each other based on trademark applications or registrations filed with the USPTO . . . . Palantir.net cannot now argue that a subsequent claim based on Palantir Technologies's trademark registration was not "related to" the settled case, and therefore barred by the Settlement Agreement's paragraph 15 [regarding future claims]. The claim is barred and amendment would be futile.

Id. at 7 (citations and quotation marks omitted). The Court stated, however, that "Palantir.net may amend the counterclaim . . . to bring a straightforward breach of contract claim based on the Consent agreement if it so chooses." Id.

3

1  In May 2011, Palantir.net did just that: amended its counterclaim to include a breach
2  of contract claim, based on the Consent Agreement, alleging that Palantir Technologies
3  breached the duty-to-cooperate clause by "failing to take reasonable steps to avoid confusion
4  arising after execution of the Consent [Agreement]." Id. ¶ 92.[2]

### D.  Present motion to dismiss

Now, again, Palantir Technologies moves to dismiss, seeking "dismissal of the requests for injunctive relief in paragraphs of F(i)-(v), G, I, and J of [Palantir.net's] prayer for relief." Mot. (dkt. 107) at 2. These paragraphs request, in effect, enjoinment of Palantir Technologies's use of the PALANTIR mark. Id. Palantir Technologies argues that the Court's April 11 Order and the parties' agreements prohibit claims that "interfere with [Palantir Technologies's] right to use the PALANTIR mark or trade name." Id. at 3.

Although, on the face of its Motion, Palantir Technologies seeks dismissal of Palantir.net's prayers for relief, Palantir Technologies also challenges the amended breach of contract claim itself.[3] Palantir Technologies argues that the April 11 Order and the parties' agreements prohibit "claims that are based on alleged confusion." Id. at 5-7. As the breach of contract claim alleges a failure "to take reasonable steps to avoid confusion," SAC (dkt. 101) ¶ 92, Palantir Technologies argues that the agreements prohibit it.

The Court thus understands Palantir Technologies to advance two separate arguments: that (1) Palantir.net cannot bring "claims that are based on alleged confusion," Mot. (dkt.

---

[2] Palantir.net alleged that Palantir Technologies failed to provide adequate disclaimers, registered the domain name "palantir.com" (which was previously unavailable to the parties), received correspondence intended for Palantir.net that it did not forward, and ignored Palantir.net's request to remedy the alleged breaches. Opp'n (dkt. 112) at 6. Palantir.net alleged that these breaches created confusion and generated negative publicity for Palantir.net, constituting a breach of the duty-to-cooperate clause. Id. at 6-7; see also SAC (dkt. 101) ¶¶ 92-94. Palantir.net further alleged at the July 22, 2011 hearing that Palantir Technologies violated the agreements by placing "sideways" disclaimers on its website.

[3] Palantir Technologies does so, presumably, because "[Palantir.net] does not explain what remedy it seeks on its new [breach of contract] claim," id. at 5, and that "[o]ut of caution, Palantir [Technologies] has to assume that [Palantir.net] still considers its requests for injunctive relief [canceling Palantir Technologies's trademark rights] to be part of this case and intends to pursue that relief," id. at 5 n.1.

4

107) at 6; and (2) Palantir.net cannot seek the specific remedies it seeks, which argument presumably stands apart from, or applies to all of, Palantir.net's counterclaims, id. at 8-9.

The Court turns to each argument in turn.

## II. DISCUSSION

### A. Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in a complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-2000 (9th Cir. 2003). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "Detailed factual allegations" are not required, but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)). According to the Supreme Court, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949-50. Whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

Of special relevance in this case, "[t]he test of a complaint pursuant to a motion to dismiss lies in the claim, not in the demand." U.S. Commodity Futures Trading Comm'n v. Bradley, 408 F. Supp. 2d 1214, 1223 (N.D. Okla. 2005) (quoting Cassidy v. Millers Cas. Ins. Co. of Texas, 1 F. Supp. 2d 1200, 1214 (D. Colo. 1998)). "It need not appear that the plaintiff can obtain the specific relief demanded as long as the court can ascertain from the face of the complaint that some relief can be granted." Doe v. U.S. Dep't of Justice, 753 F.2d 1092, 1104 (D.C. Cir. 1985) (citing Charles Alan Wright, et al., Federal Practice and Procedure, § 1357 (3d ed. 1998)) (emphasis in original).

//
//
//

**B.     The Breach of Contract Claim**

**1.     The Issue of Confusion**

Palantir Technologies argues that Palantir.net failed to state a claim for breach of the Consent Agreement, because the parties' agreements released all "claims based on alleged public confusion." Mot. (dkt. 107) at 2. Palantir Technologies finds support in the Court's April 11 Order, in which the Court barred Palantir.net's cancellation claim as "related to" the settled case (and thus prohibited under the Settlement Agreement), because the claim "relie[d] on . . . the central issue in the settled case," namely confusion of the PALANTIR mark. Order (dkt. 80) at 7.

Palantir.net, however, argues that "confusion necessarily remains part of this case," Opp'n (dkt. 112) at 7-10, because the Consent Agreement created a duty to cooperate in the event of future confusion and "to take reasonable steps to avoid [such] confusion . . ." Opp'n, Ex. A (dkt. 112-1) at 3.

The conflation of these "confusion" concepts has confused this dispute. As provided in the Settlement and Consent Agreements (and the April 11 Order), the parties may not re-litigate the issue of confusion as "related to" the original dispute – whether Palantir Technologies's use of the PALANTIR mark created confusion and whether such confusion (on its own) generated a right to limit Palantir Technologies's use of the mark. See Order (dkt. 80) at 7 ("Because the Cancellation claim relies on allegations of confusion, it is barred by the Settlement Agreement . . . . Confusion was the central issue in the settled case.").

However, as provided in the Consent Agreement, the parties may litigate the issue of confusion as related to the parties' agreement "<u>to cooperate and consult</u> with one another in good faith should future conditions or developments create a likelihood of confusion arising from use of their respective marks" and "<u>to take reasonable steps</u> to avoid confusion." Opp'n, Ex. A (dkt. 112-1) at 3 (emphasis added). In other words, although both the unavailable and available claims involve proof of confusion or of a likelihood of confusion, they focus on different object conduct: one claim focuses on use of the PALANTIR mark, while the other focuses on the parties' efforts to cooperate and to avoid confusion.

6

1  Pursuant to the Settlement and Consent Agreements, the parties may no longer bring
2 the former claim, based on use of the PALANTIR mark.[4]  They may, however, bring claims
3 based on breach of the agreements, which generate a different type of liability.  Confusion is
4 not "the central issue" of the contract-based claims; rather, they focus on the parties' actions
5 in relation to the contracts' terms.

### 2. Analysis

7  Palantir.net has successfully pleaded the breach of contract claim.  As the parties'
8 agreements do not bar it, it survives dismissal.

9  To state a claim for breach of the duty-to-cooperate provision, Palantir.net must allege
10 that (1) confusion or a likelihood of confusion exists, and (2) Palantir Technologies failed to
11 cooperate and consult with Palantir.net in good faith, or failed to take reasonable steps to
12 avoid the confusion.  SAC, Ex. A (dkt. 101-1) ¶ 15.  Palantir.net has satisfied both elements.
13 It has alleged that Palantir Technologies failed to forward mis-directed correspondence, to
14 respond to Palantir.net's communications, and to provide adequate disclaimers on its
15 materials.  See supra note 2.  Palantir.net alleged that the mis-directed correspondence
16 demonstrates confusion and that Palantir.net clients have anxiously, and mistakenly,
17 contacted the company regarding negative publicity that Palantir Technologies in fact
18 generated.  Id.

19  Furthermore, Palantir Technologies did not oppose these allegations in its Motion
20 (which allegations also support the remaining claims in the SAC that Palantir Technologies
21 has not moved to dismiss).  Rather, Palantir Technologies moved to dismiss based on its
22 reading of the Court's April 11 Order as barring all confusion-based claims, including those
23 relating to breach of the Consent Agreement.  See Mot. (dkt. 107) at 5-7.  As this argument
24 fails, so does Palantir Technologies's Motion to Dismiss.

---

[4] If the Consent Agreement reintroduced claims based on use alone, it would undercut a primary purpose of the Settlement Agreement – to create stability regarding use of the PALANTIR mark. See April 11 Order (dkt. 80) at 7 n.4.  Indeed, Palantir.net has repeatedly affirmed, as written in the Consent Agreement, that the Consent Agreement "is 'entirely consistent' with the Settlement Agreement." Opp'n (dkt. 112) at 5.  "Consisten[cy]" requires that the Consent Agreement not so dramatically upset the Settlement Agreement.

7

### C. Available Remedies

Although Palantir Technologies also moves to dismiss (or to strike) Palantir.net's prayers for relief, see id. at 8-9, the Court does not rule on the applicability of remedies at this time. The Court notes, as stated above, that Palantir.net alleges a breach of the duty-to-cooperate clause, for which contract remedies are appropriate. See id. at 7-9 (suggesting monetary damages and specific performance). However, as it appears that Palantir.net could obtain some relief if it prevailed on that claim, its Second Amended Counterclaim survives dismissal, regardless of the relief requested. See Doe, 753 F.2d at 1104.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Palantir Technologies's Motion to Dismiss. The Court agrees that the Settlement and Consent Agreements prohibit claims based on Palantir Technologies's use of the PALANTIR mark, but Palantir.net's claims involve the parties' conduct in relation to the agreements. Depending on the outcome of the dispute, the Court will address whatever remedies it deems appropriate as to these breach of contract, breach of covenant of good faith and fair dealing, reformation, and common law unfair competition claims.

**IT IS SO ORDERED.**

Dated: July 25, 2011

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE