KEKER & VAN NEST LLP
ELLIOT R. PETERS - #158708
DANIEL PURCELL - #191424
CHRIS J. YOUNG - #239518
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff
PALANTIR TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PALANTIR TECHNOLOGIES, INC.,<br><br>Plaintif,<br><br>v.<br><br>PALANTIR.NET, INC.,<br><br>Defendant. | Case No. 10-CV-04283 CRB<br><br>**ANSWER TO SECOND AMENDED COUNTERCLAIM**<br><br>Date Comp. Filed: Sept. 22, 2010<br><br>Trial Date: None set |

PALANTIR.NET, INC.,

Counterclaimant,

v.

PALANTIR TECHNOLOGIES, INC.,

Counter-Defendant.

## ANSWER TO SECOND AMENDED COUNTERCLAIM

Plaintiff Palantir Technologies, Inc. ("PTI") hereby answers Palantir.net, Inc.'s ("PNI") Second Amended Counterclaims as follows:

### Introduction

1. PTI admits that the Settlement Agreement, effective February 11, 2008, terminated the earlier litigation between the parties and that PNI's counterclaims are based in part on alleged violations of the Settlement Agreement by PNI. The terms of the Settlement Agreement and Consent speak for themselves, and PNI's contentions about what those contracts require are legal conclusions to which no response is necessary. PTI denies any remaining factual allegations in Paragraph 1.

2. PTI is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2, and on that basis denies them.

### Background

3. PTI admits that Paragraph 3 accurately quotes paragraphs 4-7 of the Settlement Agreement. The terms of the Settlement Agreement and Consent speak for themselves, and PTI's contentions about what those contracts require are legal conclusions to which no response is necessary. PTI denies any remaining factual allegations in Paragraph 3.

4. The terms of the Settlement Agreement and Consent speak for themselves, and PTI's contentions about what those contracts require are legal conclusions to which no response is necessary. PTI admits that Exhibit A to PNI's Second Amended Counterclaim is a copy of the Settlement Agreement. PTI denies the remaining factual allegations in Paragraph 4.

5. The terms of the Settlement Agreement and Consent speak for themselves, and PTI's contentions about what those contracts require are legal conclusions to which no response is necessary. PTI admits that Paragraph 5 accurately quotes a portion of paragraph 9 of the Settlement Agreement.

6. PTI admits, on February 15, 2008, it filed a class 9 federal trademark application. PTI admits that, on May 29, 2008, the U.S. Patent and Trademark Office issued a non-final office action with a preliminary objection to registration of PTI's PALANTIR mark. PTI admits

PTI and PNI entered into a Consent to Use and Registration Agreement ("Consent Agreement"), and that the Consent Agreement states it is "entirely consistent" with the Settlement Agreement and also serves as a "recordable form" of the Settlement Agreement. PTI admits that Exhibit B to PNI's Second Amended Counterclaim is an accurate copy of the Consent Agreement. PTI admits that Paragraph 6 of PNI's Second Amended Counterclaim accurately quotes paragraph 3 of the Consent Agreement. PTI denies any remaining factual allegations in Paragraph 6.

7. PTI is without sufficient knowledge or information to form a belief as to whether PNI lost a "significant business opportunity" as a result of PTI's alleged failure to forward a misdirected communication to PNI, and on that basis denies that allegation. PTI denies the remaining allegations in Paragraph 7.

8. PTI admits that it has informed PNI that no contract between the parties expressly requires either party to forward misdirected inquires to the other. PTI also admits that PNI filed a proceeding with the Trademark Trial and Appeal Board, seeking cancellation of PTI's Registration No. 3585690. PTI further admits that on September 22, 2010, it filed the above-captioned action in this Court, which resulted in a stay of PNI's cancellation proceeding. PTI denies any remaining allegations in Paragraph 8.

9. PTI admits that the documents attached to PNI's complaint as Exhibits C and D appear to be copies of a news report and a Twitter posting related to the subject matter PNI describes. To the extent PNI is making factual allegations about the truth of that report and Twitter posting, PTI denies those allegations.

10. PTI admits that the documents attached to PNI's complaint as Exhibits E and F appear to be copies of news articles related to the subject matter PNI describes. To the extent PNI is making factual allegations about the truth of those articles, PTI denies those allegations.

11. PTI denies that it has failed to adhere to the terms of the Settlement Agreement or that any of the events described in Paragraphs 9 and 10, and referred to in Paragraph 11, have any relationship to any contract between the parties, much less constitute any violation of any such contract. PTI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 11, and on that basis denies them.

**Events**

12. PTI admits that George DeMet and Tiffany Farriss occasionally contacted Stephen Cohen by email. PTI admits that Stephen Cohen was one of PTI's principals at the settlement conference with Magistrate Judge Chen. PTI further admits that Exhibit G to PNI's Second Amended Counterclaim is an accurate copy of an October 2009 email correspondence between Matt Long and George DeMet, which email speaks for itself. PTI denies any remaining allegations in paragraph 12.

13. Denied.

14. Denied.

15. PTI admits that, after execution of the Settlement Agreement, PNI contacted PTI about alleged violations of that agreement. PTI further admits that Exhibit H to PNI's Second Amended Counterclaim is an accurate copy of August 2008 email correspondence between George DeMet, Stephen Cohen and others. PTI admits that, as of August 2008, it had not filed a use amendment in its pending trademark application. Paragraph 8 of the Settlement Agreement did not set a specific timeline for PTI to file such an amendment. On September 11, 2008, as required by Paragraph 8 of the Settlement Agreement, PTI amended its description of services to add the phrase "not including the design of customized database software for others." PTI denies any remaining allegations in paragraph 15.

16. PTI admits that Exhibit I to PNI's Second Amended Counterclaim is an accurate copy of October 2008 email correspondence between George DeMet, Stephen Cohen and others, which email speaks for itself. PTI denies any remaining allegations in paragraph 16.

17. PTI admits that Exhibit J to PNI's Second Amended Counterclaim is an accurate partial copy of November 2008 email correspondence between George DeMet, Stephen Cohen and others (Exhibit J omits the address and date fields of the final message), which email speaks for itself.

18. PTI admits that Exhibit K to PNI's Second Amended Counterclaim is an accurate copy of November 2008 email correspondence between George DeMet, Stephen Cohen and others, which email speaks for itself. PTI denies any remaining allegations in paragraph 18.

19. PTI admits that Exhibit L to PNI's Second Amended Counterclaim is an accurate copy of December 2008 email correspondence between George DeMet, Stephen Cohen and others, which email speaks for itself. PTI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 and on that basis denies them.

20. PTI admits that Exhibit M to PNI's Second Amended Counterclaim is an accurate copy of February 2009 email correspondence between George DeMet, Stephen Cohen and others, which email speaks for itself. PTI denies any remaining allegations in paragraph 20.

21. PTI admits that Exhibits N and O to PNI's Second Amended Counterclaim are accurate copies of June 2009 email correspondence between George DeMet, Stephen Cohen and others, which email speaks for itself. PTI denies any remaining allegations in paragraph 21.

22. PTI admits that Exhibit P to PNI's Second Amended Counterclaim is an accurate copy of June 2009 email correspondence between George DeMet, Stephen Cohen and others, which email speaks for itself. PTI denies any remaining allegations in paragraph 22.

23. PTI admits that Exhibit Q to PNI's Second Amended Counterclaim is an accurate copy of June 2009 email correspondence between George DeMet, Stephen Cohen and others, which email speaks for itself. PTI denies any remaining allegations in paragraph 23.

24. PTI admits that Exhibit R to PNI's Second Amended Counterclaim is an accurate copy of October 2009 email correspondence between George DeMet, Stephen Cohen and others, which email speaks for itself. PTI denies any remaining allegations in paragraph 24.

25. PTI admits that Exhibits S and T to PNI's Second Amended Counterclaim are accurate copies of October 2009 email correspondence between George DeMet, Stephen Cohen and others, which email speaks for itself. PTI denies any remaining allegations in paragraph 25.

26. PTI lacks sufficient information to admit or deny the allegation in sentence one of Paragraph 26, and on that basis denies those allegations. PTI denies the allegation in the second sentence of paragraph 26.

27. PTI admits that Tom Rosenwein telephoned Matt Long on October 23, 2009, and that Long informed Rosenwein that PTI was including disclaimers in its job postings. PTI admits that Exhibit U to PNI's Second Amended Counterclaim is an accurate copy of an October

26, 2009 email from Rosenwein to Long, which email speaks for itself. PTI denies any remaining allegations in paragraph 27.

28. PTI lacks sufficient information to admit or deny the allegation sentence one of Paragraph 28, and on that basis denies those allegations.

29. PTI admits that Exhibit V to PNI's Second Amended Counterclaim is an accurate copy of a January 14, 2010 email from Rosenwein to Long, which email speaks for itself. PTI denies any remaining allegations in paragraph 29.

30. PTI admits that Exhibit W to PNI's Second Amended Counterclaim is an accurate copy of a January 26, 2010 email from Rosenwein to Long, which email speaks for itself. PTI denies any remaining allegations in paragraph 30.

31. PTI admits that Exhibit X to PNI's Second Amended Counterclaim is an accurate copy of a February 9, 2010 email from Rosenwein to Long, which email speaks for itself. PTI denies any remaining allegations in paragraph 31.

32. PTI admits that Exhibit Y to PNI's Second Amended Counterclaim is an accurate copy of a February 2010 email correspondence between Rosenwein, Long and others, which email speaks for itself. PTI denies any remaining allegations in paragraph 32.

33. PTI admits that Exhibit Z to PNI's Second Amended Counterclaim is an accurate copy of a February 2010 email correspondence between Rosenwein, Long and others, which email speaks for itself. PTI denies any remaining allegations in paragraph 33.

34. PTI admits that Exhibit AA to PNI's Second Amended Counterclaim is an accurate copy of a February 2010 email correspondence between Rosenwein, Long and others, which email speaks for itself. PTI denies any remaining allegations in paragraph 34.

35. PTI admits that Exhibit BB to PNI's Second Amended Counterclaim is an accurate copy of a March 2010 email from Rosenwein to Long, which email speaks for itself. PTI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 and on that basis denies them.

36. PTI admits that Exhibit CC to PNI's Second Amended Counterclaim is an accurate copy of an April 15, 2010 email from Rosenwein to Long, which email speaks for itself.

PTI denies any remaining allegations in paragraph 36.

37. PTI admits that Exhibit DD to PNI's Second Amended Counterclaim is an accurate copy of a May 11, 2010 email from Rosenwein to Long, which email speaks for itself. PTI denies any remaining allegations in paragraph 37.

38. PTI admits that Exhibit EE to PNI's Second Amended Counterclaim is an accurate copy of May, 2010 email correspondence between Rosenwein, Long and others, which email speaks for itself. PTI denies any remaining allegations in paragraph 38.

39. PTI admits that Exhibit FF to PNI's Second Amended Counterclaim is an accurate copy of a June 17, 2010 email from Rosenwein to Long, which email speaks for itself. PTI denies any remaining allegations in paragraph 39.

40. Admitted that on August 2, 2010, PNI filed a petition to cancel PTI's Class 9 PALANTIR registration. PTI denies any remaining allegations in paragraph 40.

41. PTI admits that Exhibit GG to PNI's Second Amended Counterclaim is an accurate copy of a June 14, 2010 email from DeMet to Cohen and that paragraph 41 accurately quotes a portion of that email, which speaks for itself. PTI lacks sufficient information to admit or deny PNI's allegations about DeMet's motivation for sending the June 14, 2010 email and on that basis denies PNI's those allegations. PTI denies any remaining allegations in paragraph 41.

42. PTI admits that it did not respond directly to DeMet's email of June 14, 2010. PTI denies the second sentence of paragraph 42. PTI lacks sufficient information to admit or deny PNI's allegations in the third sentence of paragraph 38 regarding DeMet's state of mind on July 21, 2010.

43. Denied.

44. PTI lacks sufficient information to admit or deny the allegation in sentence one of Paragraph 44, and on that basis denies that allegation. The Palantir.com/highline page, which promoted an event that took place in February 2011, is no longer active, and on that basis PTI denies the remaining allegations in paragraph 44.

45. PTI admits that its official Twitter account and homepage do not contain a disclaimer. PTI denies that any term of any contract between the parties required PTI to include

disclaimers on that third party website. PTI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 45, and on that basis denies them.

46. PTI admits that its official Flickr page does not contain a disclaimer. PTI denies that any term of any contract between the parties required PTI to include disclaimers on that third party website. PTI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 46, and on that basis denies them.

47. PTI admits that its official YouTube channel does not contain a disclaimer. PTI denies that any term of any contract between the parties required PTI to include disclaimers on that third party website. PTI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 47, and on that basis denies them.

48. PTI admits that its official Facebook page contains a disclaimer. PTI admits that, because Facebook and not PTI is in control of the formatting of PTI's Facebook page, PTI has no ability to assure that the disclaimer on its Facebook page follows the all of the formatting rules set forth in the Settlement Agreement.

49. Denied.

50. PTI admits that it hosted two conferences in 2010, identified as GovCon 5 and GovCon 6. PTI admits that its website reported "over 1000 guests in attendance" in total at GovCon 5. PTI further admits that no disclaimer was placed on the GovCon 5 program guide displayed on PTI's website. PTI denies that it distributed via its website "750 copies or more of any printed advertisement or promotional piece" and thus denies that paragraph 5 of the Settlement Agreement had any application with respect to the GovCon 5 program.

51. PTI admits that its website reported that the GovCon 6 "conference was a huge success, with hundreds of guests in attendance, 75% of whom had never been to a previous Palantir conference." PTI further admits that no disclaimer was placed on the GovCon 6 program guide displayed on PTI's website. PTI denies that its hosting of the GovCon 6 program on its website constituted distribution of "750 copies or more of any printed advertisement or promotional piece" and thus denies that paragraph 5 of the Settlement Agreement had any

application with respect to the GovCon 6 program.

52. PTI admits that it advertised the events described in Paragraph 52 on the Event Brite website. PTI denies that any term of any contract between the parties required PTI to include disclaimers on those advertisements.

53. PTI is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 53 and subparagraphs (a)-(c), and on that basis denies them.

54. PTI admits that Exhibit II to PNI's Second Amended Counterclaim is an accurate copy of a September 2010 email from a prospective employee, which email speaks for itself. PTI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 54, and on that basis denies them.

55. PTI lacks sufficient information to admit or deny PNI's allegations in paragraph 55 regarding PNI's state of mind on February 4, 2011. The Palantir.com/highline page, which promoted an event that took place in February 2011, is no longer active, and on that basis PTI denies any remaining allegations in paragraph 44.

56. PTI incorporates by reference its responses to paragraphs 9 and 10 of PNI's Second Amended Counterclaim. PTI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 56, and on that basis denies them.

57. PTI is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 57, and on that basis denies them.

**Count I (Breach of Contract)**

58. PTI incorporates by reference its responses to paragraphs 1 through 57, above, as if set forth in full herein.

59. Denied.

60. Denied.

61. Denied.

**Count II (Breach of Covenant of Good Faith and Fair Dealing)**

62. PTI incorporates by reference its responses to paragraphs 1 through 61, above, as if set forth in full herein.

63. This paragraph states a legal conclusion to which no response is required, but to the extent a response is required, PTI denies the allegations in paragraph 63.

64. PTI denies that the Settlement Agreement was intended to "end the likelihood of confusion and actual confusion." By its own terms, paragraph 3 of the Consent Agreement explicitly provides that the parties "agree to take reasonable steps to avoid confusion that might arise in the future." PTI admits that the Settlement Agreement provides that PTI must put disclaimers on its website. PTI admits that Twitter, Facebook, LinkedIn are Internet sites developed in the past few years. PTI denies that RSS feeds are properly considered Internet sites or websites. PTI denies the remaining allegations in paragraph 64.

65. This paragraph states a legal conclusion to which no response is required, but to the extent a response is required, PTI denies the allegations in paragraph 65.

66. PTI admits that it makes documents available in PDF format on the Internet. PTI denies the remaining allegations in paragraph 66.

67. This paragraph states a legal conclusion to which no response is required, but to the extent a response is required, PTI denies the allegations in paragraph 67.

**Count III (Reformation)**

68. PTI incorporates by reference its responses to paragraphs 1 through 67, above, as if set forth in full herein.

69. This paragraph states a legal conclusion to which no response is required.

70. Denied.

71. PTI admits that it uses Twitter, has advertised on social networks, and has purchased advertising on subways. PTI denies the remaining allegations in paragraph 71.

72. Admitted.

73. This paragraph states legal conclusions to which no response is required, but to the extent a response is required, PTI denies the allegations in paragraph 73 and its

subparagraphs.

**Count IV (Unfair Competition Under § 43(A) of the Lanham Act)**

74. Count IV has been dismissed pursuant to order of the Court dated January 7, 2011. Thus, no response to this paragraph is necessary.

75. Count IV has been dismissed pursuant to order of the Court dated January 7, 2011. Thus, no response to this paragraph is necessary.

76. Count IV has been dismissed pursuant to order of the Court dated January 7, 2011. Thus, no response to this paragraph is necessary.

77. Count IV has been dismissed pursuant to order of the Court dated January 7, 2011. Thus, no response to this paragraph is necessary.

78. Count IV has been dismissed pursuant to order of the Court dated January 7, 2011. Thus, no response to this paragraph is necessary.

**Count V (§ 32(1) of the Lanham Act)**

79. Count V has been dismissed pursuant to order of the Court dated January 7, 2011. Thus, no response to this paragraph is necessary.

80. Count V has been dismissed pursuant to order of the Court dated January 7, 2011. Thus, no response to this paragraph is necessary.

81. Count V has been dismissed pursuant to order of the Court dated January 7, 2011. Thus, no response to this paragraph is necessary.

82. Count V has been dismissed pursuant to order of the Court dated January 7, 2011. Thus, no response to this paragraph is necessary.

83. Count V has been dismissed pursuant to order of the Court dated January 7, 2011. Thus, no response to this paragraph is necessary.

**Count VI (Common Law Unfair Competition)**

84. PTI incorporates by reference its responses to Paragraphs 1 through 83, above, as if set forth in full herein.

85. This paragraph states legal conclusions to which no response is required, but to the extent a response is required, PTI denies the allegations in Paragraph 85.

86. This paragraph states legal conclusions to which no response is required, but to the extent a response is required, PTI denies the allegations in Paragraph 86.

87. This paragraph states legal conclusions to which no response is required, but to the extent a response is required, PTI denies the allegations in Paragraph 87.

**Count VII (Breach of Contract – Consent Agreement)**

88. PTI incorporates by reference its responses to Paragraphs 1 through 87, above, as if set forth in full herein.

89. The terms of the Consent speak for themselves, and PNI's contentions about what those contracts require are legal conclusions to which no response is necessary. PTI admits that, to the extent PNI has quoted the terms of the Consent, it has done so accurately.

90. The terms of the Consent speak for themselves, and PNI's contentions about what those contracts require are legal conclusions to which no response is necessary. PTI admits that, to the extent PNI has quoted the terms of the Consent, it has done so accurately.

91. The terms of the Consent speak for themselves, and PNI's contentions about what those contracts require are legal conclusions to which no response is necessary. PTI admits that, to the extent PNI has quoted the terms of the Consent, it has done so accurately.

92. This paragraph states legal conclusions to which no response is required, but to the extent a response is required, PTI denies the allegations in Paragraph 92.

93. This paragraph states legal conclusions to which no response is required, but to the extent a response is required, PTI denies the allegations in Paragraph 93.

94. This paragraph states legal conclusions to which no response is required, but to the extent a response is required, PTI denies the allegations in Paragraph 94.

95. The terms of the Consent speak for themselves, and PNI's contentions about what those contracts require are legal conclusions to which no response is necessary. PTI admits that, to the extent PNI has quoted the terms of the Consent, it has done so accurately. PTI denies any remaining allegations in paragraph 95.

**RESPONSE TO PRAYER FOR RELIEF**

PTI denies that PNI is entitled to any of the relief it has requested in paragraphs A

through P of its prayer for relief, and denies all factual allegations contained therein.

**AFFIRMATIVE DEFENSES**

PTI sets forth the following affirmative defenses under Federal Rule of Civil Procedure 8(c).

**First Affirmative Defense (Waiver and Estoppel)**

PNI's remaining claims are barred by the doctrines of waiver and/or estoppel.

**Second Affirmative Defense (Laches)**

PNI's remaining claims are barred by the doctrine of laches.

**Third Affirmative Defense (Unclean Hands)**

PNI's remaining claims are barred by the doctrine of unclean hands.

**Fourth Affirmative Defense (No Breach)**

PNI's remaining claims should be rejected because PTI has committed no breach of the operative contractual documents giving rise to PNI's claims.

**Fifth Affirmative Defense (No Material Breach)**

PNI's remaining claims should be rejected because even if PTI has committed a breach of any of the operative contractual documents giving rise to his claims, that breach is not material and cannot support a claim for declaratory relief.

**Sixth Affirmative Defense (No Damages)**

PNI's remaining claims should be rejected because it has suffered no damages from any alleged breach of any contract by PTI.

**Seventh Affirmative Defense (Adequacy of Remedy at Law)**

PNI's prayer for equitable relief should be barred because the injury or damage suffered by PNI, if any, would be adequately compensated in an action at law for damages.

**Eighth Affirmative Defense (Performance)**

PNI's remaining claims should be rejected because PTI has substantially performed its contractual obligations.

**Ninth Affirmative Defense (Attorneys' Fees Not Recoverable)**

PNI's prayer for attorneys' fees should be barred because neither the Settlement

Agreement nor the Consent Agreement entitle PNI to recover attorney's fees.

**Additional Affirmative Defenses**

PTI reserves the right to amend this answer to affirmatively set forth other affirmative defenses revealed during the course of discovery or by the evidence at trial.

WHEREFORE, having fully answered the allegations set forth in PNI's Counterclaims, PTI respectfully requests that the Court dismiss those Counterclaims with prejudice, order that PNI take nothing by the Counterclaims, enter judgment on the Counterclaims in PTI's favor, and award PTI the costs of defending this action and any other and further relief that the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

PTI hereby demands trial by jury for all causes of action, claims, or issues in this action which are triable as a matter of right to a jury.

Dated: August 8, 2011 KEKER & VAN NEST LLP

By: /s/ *Daniel Purcell*
DANIEL PURCELL
Attorneys for Plaintiff-Counterdefendant
PALANTIR TECHNOLOGIES, INC.